IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kelli Barnett,<br><br>    Plaintiff,<br><br>v.<br><br>Jake H. Hoard, The City of North Myrtle Beach, and The Duck Bar and Grill, LLC.,<br><br>    Defendants. | Case No.: 4:21-cv-00434-SAL<br><br>**OPINION AND ORDER** |

  This matter is before the court for review of the August 9, 2021 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 18.] In the Report, the Magistrate Judge recommends that Plaintiff's motion to remand (the "Motion"), ECF No. 8, be denied. *Id.* For the reasons outlined herein, the Court adopts the Report in its entirety.

## BACKGROUND

  Plaintiff originally filed this action in state court. Defendant Jake Hoard, with the consent of Defendant City of North Myrtle Beach, removed the case to this court on February 11, 2021. [ECF No. 1.] On March 11, 2021, Plaintiff filed her Motion alleging that removal was improper because a properly served Defendant, "Duck's Night Life," did not consent to removal. *See* [ECF No. 8-1.] Thereafter, the Magistrate Judge issued her Report, recommending that Plaintiff's Motion be denied because all properly joined and served Defendants consented to removal. [ECF No. 18.]

1

Plaintiff timely filed objections to the Report, ECF No. 20, and the matter is now ripe for consideration by this court.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1

2

(D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's sole objection is to the Report's determination that Duck's Night Life, Inc., was not a party properly served at the time of removal on February 11, 2021, and thus, was not required to consent to the removal. *See* [ECF No. 20 ¶¶ 6, 27.] Specifically, Plaintiff argues that she properly served a manager at Duck's Night Life in North Myrtle Beach, South Carolina with a copy of the summons and complaint on November 10, 2020. *See id.* ¶ 12. This argument is merely a reassertion of the one Plaintiff made in her Motion and the Report rejected. It is easily disposed of here.

It is undisputed that the summons and complaint Plaintiff attempted to serve on November 10, 2020, named the Duck Bar and Grill, LLC as a Defendant, instead of the correct party, Duck's Night Life, Inc. *See id.* ¶¶ 10, 32. Therefore, the Report correctly found that "[e]ven under Plaintiff's version of the facts she attempted to serve her summons and complaint on the Duck Bar and Grill, LLC." [ECF No. 18 at 4.] The Report also took judicial notice of the fact that the Duck Bar and Grill, LLC does not exist as a legal entity. *See id*. A non-existent entity, of course, is not required to consent to removal. *See Traber v. Bank of Am.*, No. 1:13-CV-00184-MR-DLH, 2014 WL 903173, at *2 (W.D.N.C. Mar. 7, 2014) ("As a non-existent entity, this defendant could not be properly joined or served in this case nor could it properly join or consent for removal."). Moreover, even though Plaintiff amended her summons and complaint on November 13, 2020, to

3

correct the naming error, *see* ECF No. 9-1, the record is devoid of evidence that Duck's Night Life, Inc. was ever served with the amended summons and the amended complaint.

Thus, the court finds no error in the Report's determination that Plaintiff had not properly served Duck's Night Life, Inc. at the time of removal, and Plaintiff's objection is overruled. Because all properly served and joined Defendants (Hoard and the City of North Myrtle Beach) did consent to removal, the court agrees with the Report's recommended denial of Plaintiff's Motion.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report, ECF No. 18, in its entirety and hereby incorporates the Report by reference. As a result, Plaintiff's Motion, ECF No. 8, is **DENIED.**

**IT IS SO ORDERED.**

January 5, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

4